# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JASON POLEN**, on behalf of himself and others similarly situated, | : <br> : <br> :    CASE NO. 2:22-cv-85 <br> Plaintiff,        : <br> :    JUDGE <br> v.                : <br> :    MAGISTRATE JUDGE <br> **JSW STEEL USA OHIO, INC.**,    : <br> c/o GH&R Business Services, Inc.    :    **JURY DEMAND ENDORSED HEREON** <br> 312 Walnut Street, STE. 1800    : <br> Cincinnati, OH 45202          : <br> : <br> Defendant.    : |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Jason Polen ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Complaint against Defendant JSW Steel USA Ohio, Inc. ("Defendant") for Defendant's failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03, 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 because this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, and upon information and belief Defendant's principal place of business is located in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant beginning approximately in 2017 and until October of 2021.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendant as an hourly utility operator.[1] During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

---

[1] In addition to operators (such as utility operator), Defendant had other hourly positions, including but not limited to loaders, melters, and technicians (such as maintenance technician, laboratory technician, and automation technician) (collectively referred to herein as "production employees").

7. During Named Plaintiff's employment with Defendant, Defendant did not: (1) compensate him for integral and indispensable work; and (2) did not include non-discretionary production bonuses in his regular rate of pay for purposes of calculating overtime. Due to the preceding issues, Named Plaintiff was not fully and properly paid for all his hours worked in violation of the FLSA and the Ohio Acts.

8. Likewise, Defendant applied the pay practices and/or policies to other similarly situated employees. These similarly situated employees worked forty (40) or more hours in given workweeks, and these practices and/or policies resulted in these similarly situated employees not being paid all their overtime wages earned in violation of the FLSA and the Ohio Acts.

9. Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b).[2]

    **B.**    **Defendant**

10. Defendant is a corporation for profit that operates and conducts substantial business activities in the Southern District of Ohio.

11. Defendant operates a facility that produces hot-rolled coiled bands of steel to its customers throughout the Unites States.

12. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

---

[2] *See* Consent to be Party Plaintiff (attached hereto as **Exhibit A**).

13. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees. Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

14. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

15. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17. At all times relevant, Defendant was an employer of Named Plaintiff and other similarly situated hourly employees as defined in the FLSA and the Ohio Acts.

18. Defendant operates, controls, and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

**III. FACTS**

20. Named Plaintiff and Defendant's other hourly production employees are non-exempt employees who are entitled to overtime compensation.

**A. Unlawful Pay to Shift Policy**

21. Named Plaintiff and other similarly situated production employees arrive to work prior to the start of their scheduled shifts, which was typically 7:00 a.m. for the day shift and 7:00 p.m. for the night shift, in order to don their personal protective equipment ("PPE") and begin productive work prior to the scheduled start of their shift.

22. Specifically, Named Plaintiff and other similarly situated production employees don their PPE in the locker room.

23. Then, Named Plaintiff and other similarly situated production employees walked to their assigned work positions where they took over work for the prior shift and continued to productively work 20-30 minutes prior to the start of their scheduled shifts.

24. Despite clocking in and beginning work before the scheduled start of their shifts, Defendant did not pay Named Plaintiff and other similarly situated production employees for their pre-shift work. Moreover, although Named Plaintiff and other similarly situated production employees continued performing work until they clocked out, they were not paid for all such work performed after the scheduled end of their shifts.

25. Instead, Defendant paid Named Plaintiff and other similarly situated production employees for *based on their scheduled shift*, and not their actual time worked ("Pay to Shift Policy").

26. For example, Named Plaintiff generally had a 12-hour scheduled shift from 7:00 a.m. to 7:00 p.m. for the morning shift and a 12-hour scheduled shift 7:00 p.m. to 7:00 a.m. for the

evening shift. However, Named Plaintiff routinely clocked in and began working prior to the start of his scheduled shift and he routinely continued working after the end of his scheduled shift when he clocked out. Nevertheless, Defendant generally only pays Named Plaintiff for 12 hours of work each shift despite Named Plaintiff working more than 12 hours each shift.

27. For example, for the pay period from March 7, 2021 to March 20, 2021, Named Plaintiff routinely arrived and began working prior to the scheduled start of his shifts and he continued working until the scheduled of his shifts, but he was generally paid based on his scheduled shift. Although Named Plaintiff was on the clock working for 122.43 hours[3] in this biweekly pay period, he was only paid for 113 hours of work.[4] Thus, Named Plaintiff was underpaid by **9.43 overtime hours** for this pay period alone as a result of Defendant's Pay to Shift Policy and/or practice.

    **B.**    **Nondiscretionary Production Bonuses**

28. During the last three years, Defendant paid Named Plaintiff and similarly situated production employees a predetermined, non-discretionary bonus based on their level of production ("production bonus").

29. Defendant's promised production bonuses were meant to induce Named Plaintiff and other similarly situated production employees to work more efficiently and productively.

30. Defendant paid Named Plaintiff and similarly situated production employees this production bonus in a separate check and earnings statement from their regular pay period earnings

---

[3] Named Plaintiff's time worked on the clock is as follows: (1) 12.73 hours on 3/7/21 (paid for 12 hours); (2) 6.12 hours on 3/8/21 (paid for 6 hours); (3) 13.02 hours on 3/9/21 (paid for 12 hours); (4) 13.07 hours on 3/12/21 (paid for 12 hours); (5) 12.95 hours on 3/13/21 (paid for 11 hours); (6) 13.15 hours on 3/14/21 (paid for 12 hours); (7) 13.02 hours on 3/15/21 (paid for 12 hours); (8) 12.92 hours on 3/18/21 (paid for 12 hours); (9) 12.63 hours on 3/19/21 (paid for 12 hours); and (10) 12.83 hours on 3/20/21 (paid for 12 hours).
[4] *See* **Exhibit B** - Time Detail Report and Earnings Statement 3.7.21 – 3.20.21.

statement and pay. Defendant titled the production bonuses "Hrly Prod Bon," which is short for Hourly Production Bonus.

31. Defendant did not include these production bonuses in Named Plaintiff's and other similarly situated production employees' regular rates of pay for purposes of calculating their proper overtime rates of pay.

32. As a result, Named Plaintiff and similarly situated production employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

    **C.**    **Failure to Pay All Overtime Wages Earned**

33. As a result of Defendant's companywide polies and/or practices described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production employees for all overtime pay that they actually earned.

34. Named Plaintiff and other similarly situated production employees regularly worked more than forty (40) hours per week but they were not paid one-and-one-half times their regular rates of pay for all of hours worked over forty (40) as a result of Defendant's unlawful deductions described above.

35. Defendant's failure to compensate Named Plaintiff and other similarly situated employees as set forth above resulted in unpaid overtime.

36. At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

37. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

38. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

39. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative collective action on behalf of himself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former Ohio hourly, non-exempt production employees of Defendant who were paid for forty (40) or more hours of work in any workweek during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

40. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

41. During some or all of the last three (3) years, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members all overtime wages earned.

## V. RULE 23 ALLEGATIONS

42. Named Plaintiff brings his Ohio Wage Act claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former Ohio hourly, non-exempt production employees of Defendant who were paid for forty (40) or more hours of work in any workweek, during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

43. The Ohio Rule 23 Class includes all current or former hourly, non-exempt production employees employed by Defendant throughout the State of Ohio as defined above.

44. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

45. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

46. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

47. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class whom he has undertaken to represent.

48. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

49. Questions of law and fact are common to the Ohio Rule 23 Class.

50. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

51. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

52. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act as described above; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

57. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

58. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

59. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

60. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks but were not paid for all overtime hours worked because of Defendant's Pay to Shift Policy.

61. Additionally, under 29 U.S.C. § 207(e), an employee's "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, employees such as Named Plaintiff and the FLSA Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b), 208, 211(c) (stating same).

62. Defendant failed to include non-discretionary production bonuses in Named Plaintiff's and the FLSA Collective Members' regular rates of pay for the purposes of paying overtime.

63. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times their regular rates of pay as well as failing to pay them at the

correct overtime rate as a result of the production bonuses because of Defendant's companywide policies and/or practices described herein.

64. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

65. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

66. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

67. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. This claim is brought under the Ohio Wage Act.

70. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

71. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

72. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime wages for all of such time spent working.

73. Defendant's companywide policies and/or practices described herein impermissibly reduced Named Plaintiff's and Rule 23 Class Members' compensable hours worked, which resulted in unpaid overtime. Moreover, Named Plaintiff and Rule 23 Class Members were not fully compensated at the proper overtime rates when they earned non-discretionary bonus payments in addition to their base hourly rates of pay.

74. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

75. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class members were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay the full amount of overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

76. For Defendant's violations of Section 4111.03, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

77. All of the preceding paragraphs are realleged as if fully rewritten herein.

78. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

79. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

80. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

81. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

82. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

83. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

VII. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

K. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

M. Issuing an Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

N. Granting such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman