## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JASON POLEN,** *individually and on behalf of others similarly situated*, | : |
| Plaintiff, | : Case No. 2:22-cv-00085 |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Kimberly A. Jolson |
| **JSW STEEL USA OHIO, INC.,** | : |
| Defendant. | : |

## ORDER

This matter is before this Court on Named Plaintiff's Objection to the Magistrate Judge's June 3, 2024 Order Mandating Individualized Discovery for All 2024 Opt-In Plaintiffs. (ECF No. 133). Named Plaintiff also moved for an unopposed stay of the upcoming individualized discovery deadline, which the Magistrate Judge granted on June 24, 2024. (ECF No. 136). For the reasons that follow, Plaintiff's Objection (ECF No. 133) is **GRANTED IN PART** and **OVERRULED IN PART.**

### I. BACKGROUND

In October of 2023, this Court granted Named Plaintiff's request to facilitate notice to potential opt-in plaintiffs under the Federal Labor Standards Act (the "FLSA"). Since then, as the Magistrate Judge noted in her recent Order, the Parties have engaged in a series of time-consuming discovery disputes, most of which required court intervention. (*See* ECF No. 138 at 2-3). This is one such dispute.

In May, the Parties filed a Joint Discovery Proposal (ECF No. 119), and because they could not reach consensus, each filed a position statement supporting the proposal, as ordered by the Magistrate Judge (ECF Nos. 122, 123, 124). One of the disputed issues was whether Defendant

would be allowed to propound four interrogatory requests and one document request on the 125 Opt-In Plaintiffs who joined the lawsuit after February 2024. For their part, Plaintiffs requested that the Magistrate Judge limit the discovery to a randomly selected seven of the 125 Plaintiffs.

After considering the Parties' proposals, the Magistrate Judge explained that two lines of cases have developed on the issue of representative discovery in FLSA cases: some courts have allowed individualized discovery for each opt-in plaintiff, while others have only allowed representative sampling. (ECF No. 130 at 1-2). Ultimately, the Magistrate Judge has broad "discretion to determine what line of cases most applicable to the specific facts of the instant case." *Gentrup v. Renovo Servs., LLC*, 1:07-cv-430, 2010 WL 6766418, at *4 (S.D. Ohio Aug. 17, 2010). The Magistrate Judge noted that while there is no bright line test with respect to the number of opt-in plaintiffs, "courts have allowed written discovery requests to all opt-ins in classes as large as or larger than the one presented here." (ECF No. 130 at 3). And given the number of Opt-In Plaintiffs here, she concluded that "a limited questionnaire and one document request" would not be "too burdensome." (*Id.*). The Magistrate Judge did, however, reject Defendant's proffered language for the interrogatories, explaining that they were difficult to parse and contained legal jargon that might be confusing to Opt-In Plaintiffs. (*Id.* at 3-4). She instructed the Parties to confer on the language and propound the interrogatories on all opt-in plaintiffs by July 1, 2024.

Instead, Plaintiff objects to the Magistrate Judge's Order, arguing that her decision applied the incorrect legal standard. (ECF No. 133). Plaintiff's Objection presses the idea that the Magistrate Judge's Order is "contrary to law," such that it should be overturned, because it did not explicitly reference the bedrock discovery principle of proportionality. (*Id.*). Specifically, Plaintiff suggests that a discovery decision requires analysis of each of the factors enumerated in Rule 26, (*see id.* at 5 n. 2), and that the Magistrate Judge's focus on the number of Opt-In Plaintiffs

2

amounted to an impermissible "bright line rule," under which individualized discovery will always be permitted for collectives under 200 members, (*id.* at 6-7). Plaintiff urges that the discovery ordered here will be burdensome on Opt-in Plaintiffs and counsel, and has no benefit other than furthering Defendant's improper interest in dismissing Opt-In Plaintiffs who may fail to respond. Defendant primarily responds by arguing that individualized discovery is appropriate here because members of the collective are "recanting" in depositions. (ECF No. 137 at 1-3). Defendant also provides proposed revised interrogatories that it believes will take less than twenty minutes to fill out, and it believes most Opt-In Plaintiffs will not have documents responsive to the sole document request. (*Id.* at 5-6). In essence, Defendant argues that its needs for the discovery are high and that Plaintiff's proportionality concern is overblown.

This Court previously made clear that Plaintiff would not be permitted to reply to Defendant's Response, (ECF No. 136), but perceiving what he believes to be grave inaccuracies in Defendant's submission, Plaintiff filed a Motion for Order to Hold Oral Argument on his Objection, (ECF No. 139). In essence, Plaintiff's Motion is the reply foreclosed by this Court's earlier Order. (*Id.* at 10 ("While Named Plaintiff's primary intention is to at least voice his strong objection to Defendant's aforementioned request, he further believes that oral argument will prove very helpful by giving him an opportunity to more thoroughly detail his above argument")). Plaintiff's Motion spurred a Response from Defendant, joining Plaintiff's request for oral argument but refuting Plaintiff's accusations, (ECF No. 141), which in turn prompted a Reply from Plaintiff. Both the Objection and the Motion for Oral Argument are now fully briefed. (ECF No. 142).

## II. LAW AND ANALYSIS

### A. Motion for Order to Hold Oral Argument

Beginning with Plaintiff's Motion for an Order to Hold Oral Argument on the Objection and the briefing that followed, the substance of these submissions has little relevance to the merits of the underlying Objection. Instead, each party spills much ink accusing the other of misrepresenting their conduct throughout the discovery process. (*See e.g.*, ECF No. 139 at 1 (arguing that "oral argument is necessary to correct the record, as Defendant continuously reframes various facts and proceedings in a false, purely self-serving manner."); ECF No. 141 at 7 (arguing that "while much of what Plaintiff sets forth in his motion for a hearing has little/nothing to do with the merit of his Objections, the assertions made against JSW in Plaintiff's back-door reply is of a nature that, in JSW's view, merits a hearing.")). The Parties each explain that they seek to "correct the record" in light of the accusations of dishonesty levied against them, and they both wish this Court to hold an oral argument so that they may continue their disagreements on the record. Given that the papers submitted provided ample space for the Parties' to clarify their frustrations, this Court declines to expend further judicial resources on a hearing. Plaintiff's Motion for Oral Argument is **DENIED**. (ECF No. 139).

### B. Objection

Turning to the merits of Plaintiff's Objection, Federal Rule of Civil Procedure 72(a) requires district judges reviewing magistrate judges' orders on non-dispositive matters to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This Court has noted that "[w]hile Rule 72(a) does not use the phrase 'abuse of discretion,' the standard applied under this rule for a nondispositive motion parallels the standard outlined in *Getsy* for appellate review

of discovery orders." *Nathan v. Ohio State Univ.*, 2:10-CV-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (en banc) ("[a] district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.")). A "clearly erroneous" standard applies to factual findings by the magistrate judge, while legal conclusions are reviewed under a "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994). Here, Plaintiff only challenges a legal conclusion, which this Court "may overturn" if it is found to "contradict or ignore applicable precepts of law." *Gandee*, 785 F. Supp. at 686; *see also Peters v. Credits Prot. Ass'n LP*, 2:13-CV-0767, 2015 WL 1022031, at *3 (S.D. Ohio Feb. 19, 2015).

      Plaintiff contends that the Magistrate Judge's Order was contrary to law because it failed to discuss explicitly the proportionality of propounding interrogatories on all opt-ins to the needs of the case. Rule 26 of the Federal Rules of Civil Procedure was amended in 2015 "to require that all discovery be 'proportional' in nature." *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021). "The old rule permitted discovery of any information 'reasonably calculated to lead to the discovery of admissible evidence,'" whereas "[t]he new rule permits discovery only of information 'relevant to any party's claim or defense and proportional to the needs of the case.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1) (2010) and Fed. R. Civ. P. 26(b)(1)). Under the new rule, "the parties and courts share the 'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Id.* (quoting Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment). Pursuant to Rule 26(b)(1), district courts "must limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.* at 274.

Plaintiff is correct to note that while the Magistrate Judge's Order did not use the word "proportional," it did consider the effect of issuing four interrogatories and a document request to 125 opt-in plaintiffs and concluded that to do so would not be "overly burdensome." (ECF No. 130 at 5). But Plaintiff argues that Rule 26 requires more. This Court is not of the view that application of Rule 26 requires lockstep analysis, in which a Magistrate Judge exhaustively enumerates each of the above-mentioned 26(b)(1) factors in every case. For example, the Magistrate Judge's failure to note that she was considering the amount in controversy in this case is not itself a fatal flaw. But the Magistrate Judge should have at least made explicit that she weighed the burden of Defendant's request against the "likely benefit, considering the needs of the case." *Helena Agri-Enterprises*, 988 F.3d at 273. As Plaintiff points out, burden is just one half of the burden-benefit equation. (*See* ECF No. 133 at 5 n. 2). Because "it is inherent in the use of discretion that it be exercised and not neglected altogether," *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978), the Magistrate Judge abused her discretion in this respect. To the extent that Plaintiff's Objection argues that the Magistrate Judge failed make clear that she considered whether the burden was proportionate to the needs of the case, the Objection is **GRANTED**.

But this Court is not able to weigh burden against benefit at this juncture, as it does not have a complete sense of the burden at issue. At the time that the Magistrate Judge concluded that a brief questionnaire and one document request would not be "overly burdensome," she also ordered the Parties to clarify collaboratively the language of the discovery requests and reach consensus before distributing them. At least one of the questions submitted to her was so

6

convoluted that she could not "ascertain whether this question seeks information about Opt-Ins' job duties or job locations." (ECF No. 130 at 4). As the Parties' briefing makes clear, they have still not yet reached an agreement, and accordingly, this Court only has the Parties' competing suggestions before it. In other words, the portion of the Plaintiff's Objection asking this Court to adjudicate the proportionality of propounding non-existent discovery request language is not yet ripe. *See City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir.1989) (citations omitted) ("Ripeness is a question of timing . . . [which] dictates that courts should decide only existing, substantial controversies, not hypothetical questions or possibilities. . . . Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all."). This Court, therefore, declines Plaintiff's invitation to decide that the burden of propounding a few discovery requests on the 125 opt-in plaintiffs in this case will *always* be greater than the benefit stood to be gleaned, no matter the simplicity or content of the interrogatories.[1] Therefore, to the extent that the Objection requests a proportionality ruling, it is **OVERRULED.**

### III. CONCLUSION

In sum, Plaintiff's Objection (ECF No. 133) is **GRANTED IN PART** and **OVERRULED IN PART**. Plaintiff's Motion for Order to Hold Oral Argument is **DENIED.** (ECF No. 139). The Parties are **ORDERED** to submit discovery request language to which they agree for the Magistrate Judge's renewed consideration by **July 12, 2024.** Although the Magistrate Judge has great discretion to order individualized or representative discovery, *Gentrup*, 2010 WL 6766418, at *4, this Court advises the Magistrate Judge to make explicit her consideration of the burdens

---

[1] Because the burden on plaintiffs was also not clear when the Magistrate Judge issued her Order, ideally, she would have deferred a ruling on the proportionality of the interrogatories until their language was firm. She may have understandably presumed, however, that with consent of the Plaintiff required, the interrogatories would likely become less burdensome, not more. Nonetheless, this Court declines to make the same presumption.

and benefits of propounding the Parties' proposal on all plaintiffs, in hopes of avoiding further grievances.

      **IT IS SO ORDERED.**

                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: July 2, 2024**